UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| TORREY DAVIDSON, | ) | |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | Case No. 4:11CV1370 CDP |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on Torrey Davidson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. Following a two-day jury trial, Davidson was convicted of possession with intent to distribute heroin, possession with intent to distribute marijuana, and possession of a firearm in furtherance of a drug trafficking crime. I sentenced him to 87 months imprisonment. Criminal Case No. 4:08CR660 CDP. The Eighth Circuit Court of Appeals affirmed his conviction and sentence on February 11, 2011. [Doc. # 84 in 4:08CR660]; United States v. Davidson, 409 Fed. Appx. 50 (8th Cir. Feb. 11, 2011). Davidson then filed a § 2255 motion, alleging five claims of ineffective assistance of counsel.

I appointed Stephen Welby to represent Davidson for an evidentiary hearing held on February 13, 2013. Davidson appeared in person for the hearing, testified, and presented six exhibits in support of his claim. The government offered the testimony of Davidson's trial attorney by affidavit and a recording of a conversation between Davidson and his attorney. Based on the evidence, the arguments of counsel, and the briefs filed on the § 2255 motion, I conclude that Davidson's motion is meritless and will be denied for the reasons that follow.

Background Facts

The Eighth Circuit described the underlying facts in this case as follows:

> Police received complaints about drugs being sold from Davidson's mother's house. She consented in writing to a search of her home. Officers entered a bedroom that had numerous new and used colostomy bags scattered around. The room smelled of urine and feces. Davidson, who is wheelchair bound, was lying on the bed. He told police that he did not live there, but had only spent the night there. On the night stand, the officers found an open pill bottle with burnt marijuana cigar ends, a syringe, a needle, a small bag of marijuana, and a scale with sandwich baggies next to it. A loaded pistol was inside the night stand. Davidson then told the police he "got the gun off the streets." In the bedroom was a refrigerator. Davidson told officers it contained another bag of marijuana which was his, but the black tar was not. In the refrigerator, officers found a large amount of drugs: 22.64 grams of black tar heroin and 117.17 grams of marijuana.
>
> At trial, Davidson testified he did not know the gun was in the night stand. His mother testified that the officers did not explain or review the consent form. Both his mother and sister testified that he did not live there. Davidson denied knowledge of the drugs in the refrigerator. He also denied selling drugs from the home.

Davidson, 409 Fed. Appx. at 52. A jury convicted Davidson on all three counts of the indictment. Id. at 51.

After his conviction and sentence were affirmed on appeal, Davidson filed the instant motion, raising the following claims of ineffective assistance of counsel:

1) Failure to "advance a defense" to the charge of possession of a firearm in furtherance of a drug trafficking crime;

2) Failure to move for a continuance;

3) Failure to communicate his acceptance of a three-year plea deal that was offered;

4) Failure to move for a downward departure based on diminished capacity; and

5) Failure to seek a competency hearing.

Discussion

All of Davidson's claims are ineffective assistance of counsel claims. The Sixth Amendment establishes the right of the criminally accused to the effective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 686 (1984). To state a claim for ineffective assistance of counsel, Davidson must prove two elements of the claim. First, he "must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the counsel guaranteed the defendant by the Sixth Amendment." Id. at 687. In considering whether this showing has been accomplished, "judicial scrutiny of counsel's performance must be highly deferential." Id. at 689. The courts seek to "eliminate the distorting effects of hindsight" by examining counsel's performance from counsel's perspective at the time of the alleged error. Id. Second, Davidson "must show that the deficient performance prejudiced the defense." Id. at 687. This requires him to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court need not address both components if the movant makes an insufficient showing on one of the prongs. Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995).

Davidson's first claim, that his attorney Robert Taaffe failed to advance a defense to the charge of possession of a firearm in furtherance of a drug trafficking crime, is really just a sufficiency of the evidence claim as Davidson fails to recite any specific claims of error. This claim will be denied as meritless. As the government correctly notes, Davidson's attorney did argue that the evidence was insufficient to support a conviction, but this argument was rejected

both by the jury[1] and by the Eighth Circuit Court of Appeals. Although Davidson seems to think the evidence was insufficient because "evidence that [he] simultaneously possessed drugs and a firearm, standing alone, would not warrant the case being submitted to the jury," the Eighth Circuit held:

> In regard to the firearm-possession-for-trafficking charge, the drugs and a gun were kept in close proximity, the gun was quickly accessible, and there was expert testimony regarding the use of this type of gun in connection with drug trafficking. The evidence was sufficient to uphold Davidson's convictions.

Davidson, 409 Fed. Appx. at 52. The Eighth Circuit's decision cannot be relitigated here. Because the evidence was sufficient to convict Davidson on the count of possession of a firearm in furtherance of a drug trafficking crime, Davidson cannot demonstrate the requisite prejudice resulting from any alleged attorney error. Ground 1 of his § 2255 motion will be denied.

In his second claim for relief, Davidson argues that his attorney was ineffective for failing to seek a continuance of the trial to familiarize himself with the facts of the case and prepare a defense. Yet Davidson offers no specifics to demonstrate how he was prejudiced by his attorney's failure to obtain a continuance. A review of the docket sheet demonstrates that Robert Taaffe entered an appearance on behalf of Davidson in this matter on April 28, 2009. This case did not go to trial until June 1, 2009. During that time, Taaffe filed a motion to suppress, sought and obtained trial subpoenas, and filed motions in limine and other pretrial materials. Davidson has not come forward with the names of any witnesses or evidence that Taaffe should have

---

[1] During closing argument, Taaffe argued to the jury that the evidence was insufficient to convict him because Davidson did not know about the drugs in the house, that it was unreasonable to believe officer testimony about the gun, and that Davidson told the jury he was not guilty. That the jury chose to credit the officers' testimony and not Davidson's does not mean that his attorney was ineffective.

presented but did not because he failed to obtain a continuance. Instead, the docket sheet demonstrates that counsel filed all the expected and appropriate pretrial motions, called three witnesses on Davidson's behalf, and vigorously cross-examined the government's witness. General assertions of error are insufficient to support a § 2255 claim, and Ground 2 of Davidson's motion will be denied for failure to demonstrate any error or prejudice.

In Ground 4 of his motion, Davidson claims he received constitutionally inadequate assistance when his attorney failed to move for a downward departure based on diminished capacity. Davidson's claim fails because his attorney argued for a non-guidelines sentence at sentencing based on Davidson's health:

> TAAFFE: In addition, Your Honor, I have to point out his physical condition here. He has been shot since the age of 16, and is confined to a wheelchair and is paralyzed, at least partially paralyzed, so I think in Mr. Davidson's case, I think the need to prevent or deter criminal conduct and to protect the public from further crimes can be ameliorated by his physical condition . . . .

However, I rejected that argument as follows:

> COURT: So, I've considered all of the 3553(a) factors, that's the factors set out in the statute, including the nature and circumstances of the offense, and the history and characteristics of the defendant. I have considered the way this crime happened and what happened here, and I do agree with the Government that both the circumstances of the offense and the history and characteristics of the defendant show that his disability and his need to use a wheelchair have not hampered him in his ability to commit crimes, and he committed these crimes since he has been disabled and had the disability since he was a teenager, so I don't believe that this is anything that would lead me to give a lower sentence, it's not anything that would lead me to give a higher sentence, but it's a neutral factor One of the factors I can consider is the need to provide the defendant with needed educational, vocational, medical care, or other correctional treatment in the most effective manner, and I believe that the condition the defendant suffers from is one that can adequately be treated within the Bureau of Prisons. It's obviously not an acute situation, it's a chronic situation that he's dealt with for over 15 years, and I'm sure the Bureau of Prisons can handle that, so that has not affected the sentence one way or another . . . .

Because Davidson cannot demonstrate either attorney error or the required prejudice, Ground 4 of his § 2255 motion will be denied.

In Ground 5, Davidson argues that he was incompetent to stand trial because of his pain medication and that his attorney was ineffective for failing to seek a competency hearing. I reject this argument as I do not find Davidson's assertions credible. Davidson testified in his own defense at trial, and he described in detail the medications that he took and their side effects, none of which deprived him of "the sufficient present ability to consult with his lawyer" as he now claims. Indeed, on cross-examination, Davidson admitted that he had been taking his pain medication for over 12 years. During his testimony, Davidson described his version of events on the night of his arrest without any claimed gaps in his memory or misperceptions due to medication, and he attempted to explain away various elements of his offenses using his disability. Taaffe argued that the jury should believe Davidson and find him not guilty "because he told you he's not guilty." When it suited Davidson, he was competent to testify and tell the jury to believe his version of events. Now he seeks to escape the consequences of his criminal conduct by, once again, attempting to hide behind his disability. This I will not allow him to do. Davidson was competent during his trial, he was competent at sentencing when he tried to relitigate every aspect of his case instead of showing remorse for his crimes, and he was competent when he testified before me at the evidentiary hearing on this § 2255 motion.[2] Because Davidson cannot demonstrate any alleged attorney error or resulting prejudice, Ground 5 of his § 2255 motion will be denied.

---

[2] At the evidentiary hearing Davidson admitted that he was still on the same pain medication.

Finally, in Ground 3 Davidson alleges that his attorney was ineffective for failing to convey his acceptance of a three-year plea deal offered by the government. In its brief opposing the motion, the government did not deny the existence of a plea offer, but only stated that it had no record of such an offer. Recently, the United States Supreme Court decided that an attorney could render constitutionally deficient performance by failing to communicate to a defendant formal plea offers from the government. Missouri v. Frye, 132 S. Ct. 1399, 1409 (Mar. 21, 2012). A formal offer "means that its terms and its processing can be documented so that what took place in the negotiation process becomes more clear if some later inquiry turns on the conduct of earlier pretrial negotiations." Id. Presumably, then, an attorney's failure to communicate defendant's acceptance of a plea offer could also amount to constitutionally deficient performance. If such deficient performance were found, the court is then required to determine whether the defendant suffered the requisite prejudice. Id.

In this § 2255 proceeding, the burden is on Davidson to demonstrate every element entitling him to relief, including the existence of a plea offer. In his § 2255 motion, Davidson alleged that he accepted a three-year plea deal made by the government. Yet at the evidentiary hearing, Davidson never testified that he actually accepted a plea offer. On cross-examination, Davidson claimed that he "didn't have a comment" about whether he actually accepted a plea deal, and then later refused to answer any more questions until directed to do so by me. Instead, Davidson testified that Taaffe "said it was probably like three years or something like that" and that "he'd have to check into it and get back to me." Davidson could not recall the specifics of this alleged deal, nor did he offer any written plea offer in support of his claim. In contrast, the government offered the affidavit of Taaffe, who testified as follows:

> A review of my notes indicates that on May 31, 2009, I met with Mr. Davidson in my office to prepare for trial. We discussed the trial process, his right to testify or not to testify, the possibility of his mother and sister as potential witnesses, and the possibility the government would drop the gun charge in exchange for his pleas of guilty to the drug offenses. If Mr. Davidson agreed to this, I estimated that he would be facing a sentence of approximately three years. I told him this information. Mr. Davidson told me that he was not interested in pleading guilty to the drug offenses and reaffirmed his desire to go to trial.

(Gov't Hearing Ex. 1). I credit Mr. Taaffe's testimony and find that there was no formal three-year plea offer made by the government and that Davidson rejected any suggestion of pleading guilty. I do not find Davidson's allegation about the existence of a three-year plea offer credible, particularly in the absence of any documentation of this alleged deal and in light of his extremely vague testimony at the hearing. The Supreme Court in Frye emphasized the importance of "formal offers" for this very reason – so that the terms are documented in case some later inquiry, such as a § 2255 motion, turns on this issue.

As for Davidson's suggestion at the evidentiary hearing that Taaffe was also ineffective for failing to resolve a pending state case concurrently with his federal case, that assertion does not entitle Davidson to any relief here. Davidson refused to plead guilty, so he was not prejudiced by any alleged failure to resolve his state and federal cases together.[3] Davidson has not sufficiently demonstrated the existence of either a formal or informal plea offer that was timely accepted. I find the testimony of Taaffe that Davidson refused to plead guilty and the absence of any evidence of a written or documented plea deal to be more persuasive than the

---

[3] In addition, there is no evidence that the federal government made any sort of plea offer that included resolving Davidson's state case, too. I also note that Taaffe actually obtained a good result for Davidson in the underlying state case, so I reject any suggestion that his performance was deficient or that Davidson was somehow prejudiced by the state case in his underlying criminal case in this Court.

testimony of Davidson. In fact, all of Davidson's testimony at the hearing, like his testimony at trial, is simply not credible. Ground 3 of Davidson's § 2255 motion will be denied.

As Davidson has not made a substantial showing of the denial of a federal constitutional right, this Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)) (substantial showing must be debatable among reasonable jurists, reasonably subject to a different outcome on appeal, or otherwise deserving of further proceedings). I am grateful to Steve Welby for accepting the appointment of this case, and I thank him for his service in this matter. Because this matter is concluded, I will terminate his appointed representation in this case.

Accordingly,

**IT IS HEREBY ORDERED** that the motion of Torrey Davidson to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 [#1] is denied.

**IT IS FURTHER ORDERED** that petitioner's motion for status [#8] is denied as moot.

**IT IS FURTHER ORDERED** that this Court will not issue a certificate of appealability, as Davidson has not made a substantial showing of the denial of a federal constitutional right.

**IT IS FURTHER ORDERED** that Stephen Welby's appointed representation of Torrey Davidson is concluded, and Stephen Welby has no further obligations in this matter.

A separate Judgment in accordance with this Memorandum and Order is entered this same date.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 9th day of May, 2013.